UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO.: 04-12132-GAO

SUNOCO, INC. (R&M),

    Plaintiff,

v.

ASSOCIATION BENEFITS INSURANCE AGENCY, INC.; HERMITAGE INSURANCE COMPANY; JAVAID A. BUTT; EAGLE BROTHERS, INC, d/b/a CENTRE AVENUE SUNOCO; and GERALD M. HURLEY,

    Defendants.

## DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND

Now come the defendants Javaid A. Butt, Eagle Brother, Inc., and Hermitage Insurance Company (collectively "Hermitage") and hereby respond to the plaintiff's Complaint for Declaratory and Other Relief. Hermitage expressly denies that the plaintiff Sunoco, Inc. (R&M) ("Sunoco") is insured on the Hermitage policy number HCP 439862-02, and responds to the allegations *seriatim*. Additionally, Hermitage state their affirmative defenses and demand for jury trial.

### *ANSWER*

#### JURISDICTION

1.     Denied.

2. Denied.

## PARTIES

3. Hermitage is unable to admit or deny the allegations in this paragraph and calls upon the plaintiff to prove same.

4. Hermitage is unable to admit or deny the allegations in this paragraph and calls upon the plaintiff to prove same.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Hermitage is unable to admit or deny the allegations in this paragraph and calls upon the plaintiff to prove same.

## FACTUAL BACKGROUND – A PLUS AGREEMENT

10. Admitted.

11. Admitted.

12. Admitted that the selective quote with ellipsis is from the Agreement.

13. Admitted that the selective quote with ellipsis is from the Agreement.

14. Admitted that the selective quote with ellipsis is from the Agreement.

15. Admitted that the selective quote with ellipsis is from the Agreement.

16. Admitted that the selective quote with ellipsis is from the Agreement.

17. Admitted that the selective quote with ellipsis is from the Agreement.

18. Admitted that the selective quote with ellipsis is from the Agreement.

19. Admitted that the selective quote with ellipsis is from the Agreement.

20. Admitted that the selective quote with ellipsis is from the Agreement.

21. Admitted that the selective quote with ellipsis is from the Agreement.

22. Admitted that the selective quote with ellipsis is from the Agreement.

23. Admitted that the selective quote with ellipsis is from the Agreement.

24. Admitted that the selective quote with ellipsis is from the Agreement.
25. Admitted that the selective quote with ellipsis is from the Agreement.
26. Admitted that the selective quote with ellipsis is from the Agreement.
27. Admitted that the selective quote with ellipsis is from the Agreement.
28. Admitted that the selective quote with ellipsis is from the Agreement.
29. Admitted that the selective quote with ellipsis is from the Agreement.
30. Admitted that the selective quote with ellipsis is from the Agreement.
31. Denied.
32. Denied.
33. Admitted.

## FACTUAL BACKGROUND – INSURANCE POLICIES

34. Admitted.
35. Hermitage is unable to admit or deny the allegations in this paragraph and calls upon the plaintiff to prove same.
36. Denied.
37. Denied.
38. Hermitage admits that the plaintiff is not an additional insured on its policy number HCP 439862-02.
39. Hermitage is unable to admit or deny the allegations in this paragraph and calls upon the plaintiff to prove same.
40. Hermitage is unable to admit or deny the allegations in this paragraph and calls upon the plaintiff to prove same.
41. Hermitage is unable to admit or deny the allegations in this paragraph and calls upon the plaintiff to prove same.
42. Denied.
43. Denied. Hermitage admits that on June 25 2003 its Claims Manager corresponded with ESIS Inc. in which he corrected ESIS's misrepresentation, acknowledged the Agent's

admitted error in not naming the plaintiff as an additional insured on the Hermitage policy, and clarified industry procedures.

## AN INCIDENT AT THE PREMISES

44. Admitted that Hurley makes that allegation, which Hermitage denies.
45. Admitted that Hurley makes that allegation, which Hermitage denies.
46. Admitted that Hurley makes that allegation, which Hermitage denies.
47. Admitted that Hurley makes that allegation, which Hermitage denies.
48. Denied.
49. Denied.
50. Denied.
51. Denied.

## DEVELOPMENTS FOLLOWING NOTICE OF INCIDENT

52. Hermitage is unable to admit or deny the allegations in this paragraph and calls upon the plaintiff to prove same.
53. Hermitage is unable to admit or deny the allegations in this paragraph and calls upon the plaintiff to prove same.
54. Hermitage is unable to admit or deny the allegations in this paragraph and calls upon the plaintiff to prove same.
55. Hermitage is unable to admit or deny the allegations in this paragraph and calls upon the plaintiff to prove same.
56. Denied.
57. Admitted.
58. Admitted.
59. Admitted that Hurley's counsel intends to proceed with litigation.
60. Hermitage is unable to admit or deny the allegations in this paragraph and calls upon the plaintiff to prove same.

## *AFFIRMATIVE DEFENSES*

### FIRST DEFENSE

The plaintiff failed to join as a party persons who are needed for a just adjudication and/or who are indispensable under Fed. R. Civ. P. 19.

### SECOND DEFENSE

The plaintiff may not recover because his alleged injuries and damages, if any, were caused by conditions of which the Dealer had no actual notice and which it could not have reasonably discovered.

### THIRD DEFENSE

Hermitage states that the Complaint fails to state a claim upon which relief may be granted and should be dismissed, with costs, pursuant to Fed. R. Civ. P. 12 (b) (6).

### FOURTH DEFENSE

The alleged incident referred to in the Complaint was not the cause of the Plaintiff's alleged damages.

### FIFTH DEFENSE

The plaintiff's alleged injuries do not rise to the level of a case or controversy, and therefore this Court does not have jurisdiction over this matter.

### SIXTH DEFENSE

Hermitage intends on relying on such other defenses as are appropriate and revealed during this litigation and therefore reserves the right to supplement this list of Affirmative Defenses.

### SEVENTH DEFENSE

In further answering Hermitage states that the plaintiff was contractually bound to maintain the area in question, and that it is estopped from asserting a negligence claim against another for his own breach.

## EIGHTH DEFENSE

In further answering Hermitage reserves the right to supplement these affirmative defenses.

Defendants,
Hermitage Insurance Company, Javaid A. Butt, and Eagle Brothers, Inc. d/b/a
By their attorney,

_____
Thomas R. Murphy
BBO No. 546759
Giarrusso, Norton, Cooley & McGlone, P.C.
Marina Bay
308 Victory Road
Quincy, MA 02171
Tel: 617-770-2900
Fax: 617-773-6934

DATED: 12/23/04